IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. BOWHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-607-WKW |
| | ) | [wo] |
| DEPARTMENT OF DEFENSE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed August 6, 2010). For good cause, the Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **GRANTED** and this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. BACKGROUND**

On July 14, 2010 Plaintiff William Bowhall ("Bowhall" or "Plaintiff") brought eight lawsuits in this district including the one referenced in this opinion. In the instant suit, Bowhall brings his claims against the Department of Defense ("DOD"), Department of the Navy ("Navy"), Department of the Army ("Army"), United States Air Force ("Air Force"),

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

former Secretary of Defense William J. Perry ("Secretary Perry"), former Secretary of Defense William Cohen ("Secretary Cohen"), former Secretary of the Navy John H. Dalton ("Secretary Dalton"), Senator Carl Levin ("Senator Levin"), and the City of Opelika. *See* Doc. 1 at p. 5. The gist of Bowhall's allegations - as best the Court can discern - is a complaint that Defendants wrongfully deprived him of business and economic opportunities when they did not give him a contract or funding for his airfoil design which would be applicable to airlift and subsurface capabilities. *See id generally*. He avers these actions started in 1978 with his enlistment in the Air Force and also that the Air Force allegedly permitted a homosexual act to occur at Lackland Air Force Base during his two week stay there. *Id*. at p. 2. This resulted in Bowhall requesting a discharge from his service due to mental and physical duress. *Id*. In 1985, when the Army allegedly began Bowhall's enlistment in the Army, Bowhall was subjected to additional humiliation because he was interrogated about his prior Air Force Service and then discharged from the Army because of those previous issues.[2] *Id*. at p. 2-3.

In 1995, Bowhall allegedly sought assistance from Senator Levin which would permit him to re-enlist in the armed forces. Senator Levin never took action on Bowhall's request or listened to "his concerns over the welfare of the United States, its economy, and the establishment of a new science and industry based on Plaintiffs [sic] airfoil designs." *Id*. at p. 3. Senator Levin also allegedly failed to show up for an appointment at his Lansing,

---

[2] Bowhall's facts are unclear as to whether he was denied re-enlistment or actually enlisted into the Army and then discharged. *See* Doc. 1 at p. 2-3.

Michigan office after Bowhall rode over 180 miles round trip in the snow on a single speed bicycle. *Id*.

In 2001, Bowhall requested funding from the DOD for research into his airfoil designs via the Defense Logistics Agency in Battle Creek, Michigan. *Id*. at p. 3-4 and 8. Pre-dating his official request, he also sent letters to Secretaries Cohen, Perry, and Dalton requesting funding for research and promotion of his airfoil design to applicable national defenses. *Id*. at p. 4. These letters were sent on December 9, 1995, December 30, 1996, and July 29, 1997. *Id*. at p. 4 and 7-8. Over the next four years, Bowhall allegedly attempted to obtain a business license from the City of Opelika relating to his airfoil designs and music production, but the City instead issued the business license in the name of a "misleading entity to the DOD." *Id*. at p. 4 and 8.

Bowhall brings five specific causes of action: (1) fraud and deceit, (2) negligent misrepresentation, (3) unfair competition, (4) unjust enrichment, and (5) civil conspiracy. *See* Doc. 1 at p. 5-7. He seeks as relief compensation for loss of business opportunities, research funding, and pain and suffering. *Id*. at p. 9. Bowhall further seeks a Congressional Medal of Honor and appointment to the position of Five-Star General with all the rights and privileges as a compensation package for any acquired rank which he might have earned since 1978. *Id*.

## II.  DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.

Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). Therefore, a two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma*

*pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[3]

The complaint filed by Bowhall satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the Court is of

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

the view, that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

**A.     Claims against DOD, Navy, Army, Air Force, Perry, Cohen, Dalton, and Levin**

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *see also Ishler v. Internal Revenue*, 237 Fed. Appx. 394, 397 (11th Cir 2007) (quoting *Sherwood*). Consent to be sued must be "unequivocally expressed" in statutory text to act as a waiver of sovereign immunity and will be strictly construed in favor of the sovereign. *Gomez-Perez v. Potter*, 553 U.S. 474, 128 S.Ct. 1931, 1942-43, 170 L.Ed.2d 887 (2008). In addition, the protection of sovereign immunity extends to the employees of those agencies sued in their official capacities. *Ishler*, 237 Fed. Appx. at 398. The plaintiff bears the burden to establish subject matter jurisdiction, he must prove an explicit waiver of immunity. *Id*. (internal citation omitted).

Bowhall makes no reference to any waiver of sovereign immunity, but a review of his complaint shows that his complaints stem from his alleged mistreatment by the military in his discharge and Defendants' failure to provide him funding for his airfoil designs. The Federal Tort Claims Act ("FTCA") provides for several exceptions to the waiver of sovereign immunity. *See* 28 U.S.C. § 2680. Specifically, there is no waiver for suits arising out of misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(h). Further, there is no waiver for claims based upon "the exercise or performance or the failure to

exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Finally, the doctrine of sovereign immunity applies in claims against the government where the suit is one "where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985); *see also Ishler*, 237 Fed. Appx. at 398 (quoting *Panola Land*). Bowhall's requests by their very nature seek all three.

As there is no waiver of immunity, Bowhall's claims are barred by sovereign immunity and merit dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.    Claims Against City of Opelika**

Bowhall gives very little information on his claims against the City of Opelika, but it is clear from the face of his complaint that they would be barred by the statute of limitations because they pertain to events occurring from 2001-2004. *See* Doc. 1 at p. 8.

In federal causes of action where Congress has not specifically provided a statute of limitations, the United States Supreme Court has established that a state's statute of limitations applies. *Wilson v. Garcia*, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *International Union, United Auto., Aerospace & Agr. Implement Workers of America (UAW), AFL-CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703-04, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966). Thus, in § 1983 claims, federal courts must look to state

law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *See Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985); *see also City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations."). The Court looks to Alabama law for the guiding statute of limitations and finds that it is two years under the state's residual statute of limitations for personal injury actions. ALA. CODE § 6-2-38(l);[4] *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105-06 (11th Cir. 1992) (applying ALA. CODE § 6-2-38(l) and its two year statute of limitation in § 1983 action).

While the statute of limitations is usually a matter which may be raised as an affirmative defense, in an action proceeding under § 1915, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed." *Id.* at 640. On its face, the complaint's allegations against the City of Opelika pertain to a business license from 2001-2004. Moreover, amendment would be futile. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir.1993) (amendment would have been futile since limitations period for claim had expired); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there

---

[4] The statute states: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). Thus, as Bowhall's claims against the City of Opelika are clearly barred by Alabama's two year statute of limitations, they merit dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **GRANTED**;

(2)  Plaintiff's claims be **DISMISSED** prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

(3)  Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **October 6, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 22nd day of September, 2010.

                            /s/ Terry F. Moorer
                            TERRY F. MOORER
                            UNITED STATES MAGISTRATE JUDGE